***********
The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Phillips. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award of Deputy Commissioner Phillips.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between Plaintiff and Defendant-Employer at all relevant times.
3. Zenith Insurance Company, formerly known as Riscorp, was the carrier on the risk.
4. The entire contents of the Industrial Commission file as well as medical records provided by defense counsel excluding those from Dr. Judith Riley have been received into evidence.
5. The Industrial Commission fully adopts the Full Commission Opinion and Award filed August 11, 2000.
 ***********
Based on the credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACTS
1. At the time of the hearing before the Deputy Commissioner, plaintiff had not received additional medical treatment related to her compensable right arm chemical burn since September of 1997.
2. Plaintiff last treated with Dr. Reddix in March of 1998. At that time, Plaintiff suffered from no conditions related to her compensable chemical burn.
3. A viewing of Plaintiff's arm, as well as a physical examination conducted by Dr. Appert, revealed no evidence of redness, swelling, atrophy, or evidence of a knot on Plaintiff's right arm.
4. Plaintiff's chemical burn resolved by September of 1997 and had not returned at the time of the hearing before the Deputy Commissioner.
5. Plaintiff suffers from no permanent partial impairment of the right arm related to her chemical burn.
6. Plaintiff suffers from no permanent physical restrictions of the right arm related to her chemical burn.
7. Plaintiff has returned to work with at least two employers in a full-time, full duty capacity including IHS of Tarboro and Wal-Mart.
 ***********
Based on the foregoing Findings of Facts, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff is not entitled to any additional medical or indemnity workers' compensation benefits related to her compensable injury of July 22, 1997.
2. Defendants have paid Plaintiff all medical and indemnity workers' compensation benefits to which she is entitled.
 ***********
Based on the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for additional medical or indemnity workers' compensation benefits is and under the law must be DENIED.
2. Defendants will pay an expert witness fee in the amount of $542.50 to Dr. Reddix, M.D.
This the ___ day of February, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER